# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMIE M. MCCLENAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-438-KEW |
| ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Jamie M. McClenan (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings consistent with this Opinion and Order.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 61 years old at the time of the ALJ's latest decision. Claimant completed her high school education. Claimant has worked in the past as a legal secretary. Claimant alleges an inability to work beginning August 31, 2008 due to limitations resulting from pain in her neck, shoulders, arms, hands, back, legs, and feet, numbness and tingling in her fingers, PTSD,

depression, anxiety, panic attacks, IBS, Crohn's disease, and type II diabetes.

**Procedural History**

On July 4, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 4, 2013, Administrative Law Judge ("ALJ") Doug Gabbard, II conducted an administrative hearing in McAlester, Oklahoma. On September 23, 2013, the ALJ entered an unfavorable decision. The Appeals Council denied review on March 26, 2015. However, the decision was reversed by this Court on November 23, 2015.

On remand, the ALJ conducted a second hearing on June 2, 2016 in McAlester, Oklahoma. On August 12, 2016, the ALJ entered another unfavorable decision. The Appeals Council denied review on October 30, 2017. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual

functional capacity ("RFC") to perform her past relevant work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to evaluate Claimant's frequent need to seek treatment on her ability to maintain the RFC on a regular and continuing basis; and (2) reaching an RFC that did not adequately address Claimant's handling and fingering limitations.

**Evaluation of Claimant's Continuing Need for Treatment**

In his decision, the ALJ found Claimant suffered from the severe impairments of cervical spine and lumbar spine degenerative disc disease, status post right shoulder arthroscopy, and uncontrolled type II diabetes mellitus without complications. (Tr. 1059). The ALJ determined Claimant could perform less than a full range of light work. In so doing, he found Claimant could lift/carry 20 pounds occasionally and ten pounds frequently; could stand/walk for about six hours in an eight hour workday and sit for about six hours in an eight hour workday. She could do no overhead reaching bilaterally. (Tr. 1067).

After consultation with a vocational expert, the ALJ determined Claimant retained the RFC to perform her past relevant work as a legal secretary. (Tr. 1076). As a result, the ALJ concluded that Claimant was not under a disability for any time from August 31,

5

2008, the alleged onset date, through June 30, 2014, the date last insured.  (Tr. 1077).

Claimant contends the ALJ failed to take into consideration her long history of frequent treatment and the effect of the resulting absences from work would have upon her ability to maintain employment.  Claimant's record of treatment is extensive.  Between April of 2008 through December of 2013, Claimant frequently and relatively consistently sought treatment for her various medical conditions between three and five times per month.[2]  The ALJ did not address the impact of this continuous requirement for treatment upon Claimant's ability to maintain employment.

"[R]esidual functional capacity consists of those activities that a claimant can still perform **on a regular and continuing basis** despite his or her physical limitations."  White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001)(emphasis added by this Court).  A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p.  The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on

---

[2]  For the sake of brevity, the Court refers to the extensive recitation of Claimant's treatment history set forth in considerable detail in Claimant's Opening Brief at pp. 12-13.

6

a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012).

In this instance, the potential impact of the required absences from work is apparent. Claimant's attorney inquired of the vocational expert as to the effect upon the ability to work "three to four absences a month on a consistent basis due to medical appointments and symptomology. Does that affect employability or substantial gainful activity?" The expert responded, "One would not be able to maintain employment." (Tr. 101-02).

Defendant contends Claimant must demonstrate that the absences would be for the entire workday or that the appointments could not be attended over the lunch hour. This reasoning flies directly contrary to the definition under the regulations for sustained work activity done on a "regular and continuous basis", which is defined

7

as "8 hours a day, for 5 days a week, or an equivalent work schedule." Soc. Sec. R. 96-8p. Missing any time out of the workday would disrupt work done on a "regular and continuous basis." On remand, the ALJ shall specifically address the effect of attending the regular and consistent appointments upon her ability to engage in basic work activity on a "regular and continuous basis."

Claimant also contends the ALJ did not give adequate consideration to her forty year work history. The ALJ did consider Claimant's work history in the decision. (Tr. 1068, 1076). He was not obligated to give it undue weight in considering Claimant's disability.

### Handling and Fingering Limitations

Claimant asserts that the ALJ should have found further limitations in her ability to engage in fine manipulation of her hands. The record indicates Claimant suffered from tenderness, decreased sensation, weakness, and decreased grip strength in her fingers and hands and reduced range of motion in her wrists. (Tr. 311-13, 415, 621-23, 662-64, 862). The ALJ relied upon the opinions of the reviewing consultants who found no manipulative limitations. (Tr. 309, 744, 1075). Additionally, Claimant was examined by a consultative physician and she was found to be able

to perform both gross and fine tactile manipulation.  (Tr. 779, 784-85).  The legal secretary position requires frequent handling and fingering.  DOT #201.362-010.  The ALJ is entitled to rely upon well-supported opinion evidence.  However, since the case is being remanded on other grounds, the ALJ should make every effort to resolve the conflict in the evidence, particularly since dexterity is important to Claimant's past relevant work.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 20th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE