# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JAMIE M. MCCLENAN,            )
                              )
            Plaintiff,        )
                              )
v.                            ) Case No. CIV-17-438-KEW
                              )
COMMISSIONER OF THE SOCIAL    )
SECURITY ADMINISTRATION,      )
                              )
            Defendant.        )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #22). By Order and Opinion entered March 20, 2019, this Court reversed the decision of the Commissioner to deny Claimant's application for disability insurance benefits under Title II of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 40.8 hours of time expended by his attorney at the stipulated fee rate and 1.8 hours in paralegal time for a total request of $8,407.10 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified. Because Claimant was required to file a reply to respond to the Commissioner's objection, he filed a Supplemental Application for

Attorney Fees to include $1,010.00 to research and prepare the reply brief. The Commissioner did not respond to the Supplemental Application.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends

2

that the ALJ had a reasonable in law in presuming that he concluded that Claimant could maintain a work schedule and in his position that Claimant was required to demonstrate that her medical appointments would have required a full day of absence from work to preclude her ability to engage in her past relevant work. Even if such a presumption could be reasonably made, the conclusion is not supported by substantial evidence given the requirement in the regulations that a claimant be able to perform sustained work activities on a regular and continuous basis. This Court cannot conclude that the ALJ's position in this regard is substantially justified since his findings – even his presumed findings – would conflict with the evidence of record and that conflict was apparent on the face of the record.

Defendant also objects to the reasonableness of the fees requested, asserting that a typical case requires the expenditure of 20 to 40 hours and this case did not entail sufficient complexity to require legal time at the upper end of this spectrum. Defendant also urges this Court to consider the fact that counsel received $5,500.00 in a prior remand. On this latter issue, this Court finds that it would be improper for fees to be reduced in this remand because of the time expended in the filing and prosecution of another remand in the same case. Each remand stands

on its own merits and it is unreasonable for a lawyer to be required to remember the record and facts of a case from one appeal to the next when years pass between the appeals.

As for the reasonableness of the fees, Plaintiff's counsel expended a total amount of 40.8 hours in the preparation and presentation of this case, resulting in a successful reversal and remand. The time expended in this case giving rise to the requested fees is not substantially different from other cases for which fees have been awarded involving like issues and a successful result. This Court will not routinely engage in a hindsight review of an attorney's allocation of time to a given work product, so long as the overall time for which compensation is sought is reasonable. In this case, Plaintiff's counsel's request falls within the parameters of reasonableness and will be allowed.

Since the Commissioner did not object to the reasonableness of the supplemental fee request, the additional fees for the preparation of Claimant's reply will be awarded.

IT IS THEREFORE ORDERED that Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #22)and Plaintiff's Supplemental Application for Attorney Fees (Docket Entry #25) are hereby **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the

4

total amount of $9,417.10.

In accordance the ruling of the Tenth Circuit Court of Appeals, the award with shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 10th day of April, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE